UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHARLES T. SMITH,

                              Plaintiff,

   -against-

                                              **SUA SPONTE REPORT & RECOMMENDATION**
                                              21-CV-3967 (JS)(AYS)

SOUTHAMPTON TOWN P.O. SCOTT,
SOUTHAMPTON TOWN P.O.
BRYAN COBB,

                              Defendants.
-----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

On July 13, 2021, plaintiff Charles T. Smith ("Plaintiff"), commenced this action against Southampton Town P.O. Scott and Southampton Town P.O. Bryan Cobb ("Defendants"), alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. See Compl., Docket Entry ("DE") [1].

For the reasons set forth below, and, in particular, the fact that Defendants will be prejudiced by Plaintiff's protracted lack of any involvement in this matter, this Court respectfully recommends that the action be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure

## BACKGROUND

Plaintiff commenced this action pro se on July 13, 2021. See Compl. On August 6, 2021, Plaintiff was granted leave to proceed in forma pauperis. See DE [7]. After requesting and being

1

granted an extension of time to answer, Defendants answered the Complaint on January 14, 2022. See DE [20].

On January 18, 2022, Plaintiff updated his address with the Court. See Notice of Change of Address, DE [21]. On February 3, 2022 a telephonic initial conference was scheduled for April 25, 2022 at 11:30 AM. See DE [22]. A copy of the Initial Conference Order was mailed to Plaintiff. See id.

Plaintiff failed to appear for the April 25, 2022 initial conference. See Scheduling Order dated 04/25/2022. Neither the Court nor defense counsel received any communication from Plaintiff prior to the scheduled conference. See id. In light of Plaintiff's failure to appear, the telephonic initial conference was rescheduled for May 24, 2022 at 12:30 PM. The rescheduled conference was memorialized in a Scheduling Order issued that day. See id. That order also cautioned Plaintiff that continued failure to appear and/or comply with this Court's orders may result in a recommendation to the District Court that the case be dismissed for failure to prosecute. See id. Plaintiff was served a copy of the Scheduling Order by mail on April 26, 2022. See DE [25].

On May 24, 2022, Plaintiff again failed to appear for the telephonic initial conference. Once again, neither the Court nor defense counsel received any communication from Plaintiff prior to the scheduled conference.

## DISCUSSION

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action

2

for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)"). "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Robinson v. Sposato, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;
- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Generally, "no one factor is dispositive." Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (internal quotation marks and citation omitted).

Here, the pertinent factors weigh in favor of dismissal of this action. As discussed above, Plaintiff has failed to comply with this Court's orders. Plaintiff has received ample notice that such conduct would result in dismissal. Additionally, Plaintiff has been specifically warned that

3

failure to comply with this Court's orders may result in a recommendation to the District Court that this case be dismissed for failure to prosecute. See Scheduling Order dated 04/25/2022. Although Plaintiff has been given opportunities to communicate with this Court, he has remained silent.

At this time, the Court and Defendants are unable to communicate with Plaintiff. Plaintiff's failure to follow Court directives and his lack of prosecution has an adverse impact not only on the Court's calendar, but also on the Defendants, who already bear the costs and burdens incidental to defending civil litigation. See Southerland v. City of New York, 681 F.3d 122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting) ("An individual defendant has at stake his savings, his pension, the equity in his home, the kids' college fund"). This delay is unnecessary, unfair, and has impeded the Defendant's ability to marshal an effective defense. As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462 (citation omitted).

In view of the foregoing lack of activity in this matter, it is respectfully recommended that the District Court enter an order dismissing this case for failure to prosecute.

CONCLUSION

For the foregoing reasons, it is respectfully recommended that this action be dismissed for lack of prosecution, with prejudice, pursuant to Rule 41(b).

OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, Defense counsel is directed to serve a copy of this Report and Recommendation by

overnight mail and first-class mail to Plaintiff at his last known address(es) and to file proof of service on ECF by May 26, 2022. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
       May 24, 2022

                                              /s/ Anne Y. Shields
                                            ANNE Y. SHIELDS
                                            United States Magistrate Judge